IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia      :
             : No. 73 C.D. 2015
             : Submitted: October 5, 2015
     v.      :
             :
Bedeah K. Ahmed,     :
             :
      Appellant  :


BEFORE:  HONORABLE BERNARD L. McGINLEY, Judge
      HONORABLE MARY HANNAH LEAVITT, Judge
      HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN     FILED: November 13, 2015


    Bedeah K. Ahmed appeals from the September 19, 2014, order of the Court of Common Pleas of Philadelphia County (trial court), denying Ahmed's petition to set aside a sheriff's sale of real property located at 2101-05 East Norris Street in Philadelphia (Property). We affirm.


    On May 17, 2013, the City of Philadelphia (City) filed a complaint against Ahmed seeking to sell the Property due to tax delinquency. Ahmed did not file an answer to the complaint. On January 27, 2014, the trial court issued a decree, stating that the Property would be sold at a sheriff's sale on February 19, 2014. Per an agreement with the City, Ahmed paid the City $2,500 on February 18, 2014, to postpone the sheriff's sale to April 2014. On March 24, 2014, the City served Ahmed

with a notice stating that the sheriff's sale would take place on April 16, 2014.[1]  At the April 16, 2014, sheriff's sale, the City sold the Property to Fountain Investments, LLC for $120,000.[2]

On May 13, 2014, Ahmed filed a petition to set aside the sheriff's sale (Petition).   In the Petition, Ahmed alleged that several days before the sheriff's sale, her attorney, Kenneth G. Harrison, Esquire, spoke with a City representative, Anthony Barroent, who informed Harrison that the sale had been postponed until May 21, 2014, and that the City would agree to a one-year payment plan with Ahmed.  During a telephone call on April 29, 2014, Barroent told Harrison that he needed to review the matter with the City solicitor and would call him back on Thursday, May 1, 2014.  Harrison tried calling Barroent on May 1, 2014, but was unable to leave a message.  Thus, Harrison visited Barroent's office on May 8, 2014, wherein Barroent informed Harrison that the Property had been sold on April 16, 2014.

In its answer, the City alleged that it does not employ anyone by the name of Anthony Barroent, but it does employ Anthony Barreca, a senior legal assistant in the City's Law Department.  The City alleged that Barreca spoke with Harrison by telephone but did not tell him that the sheriff's sale had been postponed.

---

[1] Ahmed does not dispute receipt of the March 24, 2014, notice of the April 16, 2014, sheriff's sale.

[2] The City sold the Property due to unpaid real estate taxes pursuant to the act commonly known as the Municipal Claims and Tax Liens Act of 1923, Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§7101-7505.

The trial court held a hearing on September 18, 2014.[3] At the hearing, Harrison testified that before the April 2014 sheriff's sale, he spoke with Barreca, who told him that the sale would be postponed for 30 days and that Ahmed could work out a 12-month payment plan with the City. (N.T., 9/18/14, at 23.) Harrison testified that Barreca informed him that the sale would be postponed until May 21, 2014. (*Id.* at 24.) On cross-examination, Harrison admitted that he did not file a petition to postpone the sheriff's sale, nor did he attempt to memorialize the alleged postponement agreement in writing. (*Id.* at 31.) Ahmed's father testified that he made a $2,500 payment to the City in February 2014 to postpone the sheriff's sale. (*Id.* at 39.)

The City presented the testimony of Barreca and Nora Day, a legal assistant in the City's Law Department. Day testified that she spoke with Ahmed and notified him that she was authorized to postpone the sheriff's sale from February 2014 to April 2014. (*Id.* at 51.) A notation in Day's computer system showed that Ahmed paid $2,500 on February 18, 2014, to postpone the sale to April 2014. (*Id.*) Another note, entered on April 9, 2014, stated that Day's supervising attorney, Jill Freeman, was authorized to accept another $2,000 from Ahmed in exchange for a final, 60-day postponement of the sale. (*Id.* at 52.) Day testified that neither she nor anyone in her office ever received a $2,000 payment and that she never told anyone that the sale was postponed. (*Id.* at 52-53.)

---

[3] Ahmed did not appear at the hearing, but her father appeared in her stead pursuant to a power of attorney.

3

Barreca testified that before the April 2014 sheriff's sale, he discussed postponing the sale with Harrison and informed Harrison that the sale would not be postponed without a $2,000 payment. (*Id.* at 67.) Barreca did not tell Harrison that the sale was postponed and never received a $2,000 payment. (*Id.* at 67-68.) Barreca testified that he had no further contact with Harrison before the April 16, 2014, sheriff's sale. (*Id.* at 68.)

After the hearing, the trial court denied the Petition, concluding that Ahmed failed to establish by clear and convincing evidence that she was entitled to equitable relief. Ahmed filed a timely motion for reconsideration, which the trial court also denied. Ahmed now appeals.[4]

Ahmed asserts that the trial court erred in denying her Petition because the evidence demonstrated that she relied on information given to her counsel by a City representative that the sheriff's sale would be postponed. Ahmed also contends that the burden of proof should have been placed on the City, rather than on her, because fundamental property rights were at issue. We disagree.

"A petition to set aside a sheriff's sale invokes the equitable powers of a trial court. The burden of proof rests upon the *proponent of the petition* to show by clear and convincing evidence that the circumstances warrant relief." *Jefferson Bank*

---

[4] Ahmed filed her appeal in the Pennsylvania Superior Court, which transferred the matter to this court for disposition. Our review of an order denying a petition to set aside a sheriff's sale is limited to determining whether the trial court committed an error of law or abused its discretion. *Allegheny County v. Golf Resort, Inc.*, 974 A.2d 1242, 1245 (Pa. Cmwlth. 2009).

*v. Newton Associates*, 686 A.2d 834, 838 (Pa. Super. 1996) (emphasis added); *see Allegheny County v. Golf Resort, Inc.*, 974 A.2d 1242, 1245 (Pa. Cmwlth. 2009).

Here, Ahmed failed to produce clear and convincing evidence that the sheriff's sale had been postponed. Ahmed's claim that a City representative told Harrison that the sale was postponed until May 2014 was directly contradicted by the City's evidence. The trial court specifically discredited Harrison's testimony and credited the testimony of the City's witnesses, as it was entitled to do. *See Millili v. Department of Transportation, Bureau of Driver Licensing*, 745 A.2d 111, 113 (Pa. Cmwlth. 2000) (*en banc*) (noting that determinations as to witness credibility and the weight of the evidence are within the sole province of the trial court as factfinder). Based on the credible evidence of record, the trial court concluded that Ahmed failed to satisfy her burden of proof. We find no error of law or abuse of discretion.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia              :
                              : No. 73 C.D. 2015
                              :
          v.             :
                              :
Bedeah K. Ahmed,         :
                              :
               Appellant   :

O R D E R

AND NOW, this 13<u>th</u> day of <u>November</u>, 2015, we hereby affirm the September 19, 2014, order of the Court of Common Pleas of Philadelphia County.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia          :
                              :
        v.                    :    No. 73 C.D. 2015
                              :    Submitted: October 5, 2015
Bedeah K. Ahmed,              :
              Appellant       :

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
          HONORABLE MARY HANNAH LEAVITT, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

CONCURRING OPINION
BY JUDGE LEAVITT                        FILED: November 13, 2015


        I concur in the result reached by the majority. Unfortunately for Ahmed, her property happened to be located in Philadelphia. Because of this accident of geography, the City of Philadelphia can demand a payment from a taxpayer to postpone a sheriff's sale and take the cash - but then not offer the proposed payment plan for the remainder of the taxes owed. In every other county, the tax claim bureau must offer a payment plan when it accepts partial payment.

        Ahmed's property was originally scheduled to be sold in February 2014. Prior to the sale, Ahmed's father, who has power of attorney, contacted the City and was told that if Ahmed paid $2,500, the sheriff's sale would be postponed. Ahmed's father remitted a check for $2,500. At the hearing the City explains that it will accept partial payments to postpone a sheriff's sale as "a courtesy." Notes of Testimony, September 18, 2014, at 12 (N.T. ___); Reproduced Record at 34a (R.R. ___). Ahmed's payment of $2,500 deferred the sheriff's sale date to April 16, 2014.

Mr. Ahmed testified that he believed the $2,500 payment he gave the City would not only stop the sheriff's sale, but also prompt the City to set up a payment plan for the remainder of the outstanding taxes. N.T. 40-41; R.R. 41a-42a. In any other county that would have happened. Mr. Ahmed testified that when the expected payment plan did not appear, he retained counsel. N.T. 41; R.R. 42a.

In the days leading up to the April 16, 2014, sheriff's sale, Ahmed's counsel and the City discussed the matter. Ahmed's counsel testified that the City told him that the sale had been postponed until May 2014. The trial court found, however, that the City told Ahmed's counsel that the April 2014 sheriff's sale would be postponed only by the payment of an additional $2,000 prior to the sale date. Because no additional payment was received, the sale was not postponed, and the property was sold. The trial court's credibility determination is binding. However, the conversations should not have been necessary.

Section 603 of the Real Estate Tax Sale Law[1] requires a taxing authority to offer a taxpayer, who pays at least 25 percent of the outstanding taxes,

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.603. Section 603 states, in relevant part, as follows:

> Any owner or lien creditor of the owner may, at the option of the bureau, prior to the actual sale, … (2) enter into an agreement, in writing, with the bureau to stay the sale of the property upon the payment of twenty-five per centum (25%) of the amount due on all tax claims and tax judgments filed or entered against such property and the interest and costs on the taxes returned to date, as provided by this act, and agreeing therein to pay the balance of said claims and judgments and the interest and costs thereon in not more than three (3) instalments all within one (1) year of the date of said agreement, the agreement to specify the dates on or before which each instalment shall be paid, and the amount of each instalment. So long as said agreement is being fully complied with by the taxpayer, the sale of the property covered by the agreement shall be stayed.

**(Footnote continued on the next page . . .)**

an installment payment plan for the remaining tax balance. 72 P.S. §5860.603. If a payment plan is not offered, the tax sale will be set aside. *Battisti v. Tax Claim Bureau of Beaver County*, 105 A.3d 76, 82-83 (Pa. Cmwlth. 2014), *petition for allowance of appeal denied*, 121 A.3d 497 (Pa. 2015). The Real Estate Tax Sale Law does not apply to Philadelphia, a first class city.

Philadelphia is governed by the Municipal Claims and Tax Liens Act,[2] which does not contain a provision similar to Section 603 of the Tax Sale Law. The City of Philadelphia is free to do what it did in this case, *i.e.*, take substantial payments as a "courtesy." Had the City offered a payment plan upon receipt of the $2,500, the disputed conversation about postponing the April 16, 2014, sheriff's sale would not have been necessary.

All that was accomplished by Ahmed's payment was to improve the value of the property at the tax sale for the sake of the purchaser. As the law stands, however, Ahmed lacks recourse.

_____
MARY HANNAH LEAVITT, Judge

---

**(continued . . .)**
72 P.S. §5860.603.
[2] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§7101-7505.

MHL-3