J-A16013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-CH2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-CH2, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DAVID SCHRAVEN, KELLY SCHRAVEN, THE UNITED STATES OF AMERICA C/O THE UNITED STATES ATTORNEY FOR THE WESTERN DISTRICT OF PENNSYLVANIA, | |
| APPEAL OF: DAVID SCHRAVEN AND KELLY SCHRAVEN | No. 1153 WDA 2015 |

Appeal from the Order July 16, 2015
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): MG-09-001176

BEFORE:  SHOGAN, OLSON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED SEPTEMBER 28, 2016**

Appellants, David and Kelly Schraven ("the Schravens"), appeal from the July 16, 2015 order that denied their petition to set aside a sheriff's sale and open/strike a default judgment in this mortgage foreclosure action. After careful review, we dismiss the appeal for mootness.

_____

[*]  Retired Senior Judge assigned to the Superior Court.

The relevant facts and procedural history of this matter were set forth by the trial court as follows:

On May 14, 2009, [U.S. Bank National Association, as trustee for J.P. Morgan Mortgage Acquisition Trust 2006-Ch2, Asset Backed Pass-Through Certificates, Series 2006-Ch2 ("Appellee")] filed a Complaint in Mortgage Foreclosure against the Schravens. Paragraph 6 of the Complaint avers the Schravens were served with the proper notices required prior to filing such a complaint. The docket reveals, and the Schravens do not deny, they were served with the Complaint.[1] The Schravens did not file an answer to the Complaint and on July 21, 2009, were sent notice of [Appellee's] intention to take a default judgment.

[1] The docket entries reveal, and the Schravens do not deny, that they were served with every pleading and document filed by [Appellee] in this action.

[Appellee] filed a Praecipe for a Default Judgment on August 4, 2009. At that time, judgment was entered in the amount of $141,660.32. On September 29, 2009, [Appellee] filed a Praecipe for Writ of Execution. Upon motion of [Appellee], on April 27, 2010, the sale was postponed for settlement purposes. On April 29, 2010, [Appellee] presented a Motion to Reassess Damages, requesting damages be adjusted to reflect current interest, real estate taxes, insurance premiums, cost of collection and other expenses. The Court reassessed damages at $149,189.87, plus 6% interest from May 3, 2010, until the date of sale. The Schravens did not appeal the Order. [Appellee] filed an Affidavit of Stay on May 7, 2010, as a result of a loan modification and having received a payment from the Schravens.

On July 22, 2010, [Appellee] filed a Praecipe to Reissue Writ of Execution. On March 11, 2011, [Appellee] filed another Affidavit of Stay because the Schravens filed for bankruptcy on October 1, 2010. The Schravens were represented by counsel and [Appellee] was listed as a creditor. The bankruptcy was dismissed without prejudice and on November 14, 2013, [Appellee] filed a Praecipe to Reissue Writ of Execution. The sale was again continued until May 5, 2014. [Appellee] filed another Affidavit of Stay, on May 7, 2014, as a result of a loan modification. On June 17, 2014, [Appellee] filed a Praecipe to

Reissue Writ of Execution. The sheriff's sale finally occurred December 1, 2014.

Although Attorney Michael P. Malakoff entered his appearance on behalf of the Schravens on October 2, 2014, no action was taken of record prior to the sheriff's sale. On January 6, 2015, approximately three months after Attorney Malakoff entered his appearance and one month after the Sheriff's Sale, the Schravens filed a Petition to Set Aside Sheriff's Sale and to Strike/Open Default Judgment. Even though the Schravens were served with every pleading and document filed of record by the [Appellee], this was the first filing by the Schravens since being served with the Complaint on June 30, 2009.

The Schravens contend in their Petition filed January 6, 2015, that various praecipes for writs of execution and reissuance of the writs were not verified despite the fact that "non-liquidated fees and costs were demanded in addition to liquidated interest."[2] They additionally assert the Complaint in Mortgage Foreclosure fails to plead compliance with the notice requirements of Act 6, 41 P.S. §403(a), and Act 91, 35 P.S. §1680.403c, because the Complaint fails to plead the date notice(s) were sent.[3] The Schravens aver the default judgment and sheriff's sale are void/fatally defective because the Complaint fails to set forth the date notice was sent and they are unable to determine whether the Note was properly accelerated or whether the Complaint was filed prematurely. The Petition fails to allege (1) why the Schravens failed to file preliminary objections or an answer to the Complaint in Mortgage Foreclosure; (2) that the Petition to Strike/Open Default Judgment was promptly filed; or (3) that they had a reasonable explanation or excuse for the default.

[2] See paragraphs 5,7,12, and 14 of the Petition.

[3] The Complaint avers the required notices were sent. The Schravens do not aver that they failed to receive the Act 6/Act 91 notice. In fact, at paragraph 13 of their petition they acknowledge notice was sent on April 3, 2009.

On February 9, 2015, the Honorable Alan D. Hertzberg denied the Petition to Strike/Open Default Judgment. The Schravens neither appealed this ruling nor requested

- 3 -

reconsideration. Judge Hertzberg issued a rule to show cause "why Petitioners are not entitled to the relief requested relative to the Petition to Set Aside Sheriff's Sale only." [Appellee] filed an Answer and New Matter to the petition on March 16, 2015. In footnote 1, [Appellee] emphasizes the Petition to Strike/Open Default Judgment had already been denied by the Court. As to the Schravens' contention that they did not learn the date the Act 6/Act 91 notice was sent until May 14, 2014, [Appellee] avers it submitted this with the Notice of Sheriff's Sale filed not only on May 14, 2014, but also with the Notice of Sheriff's Sale filed four years previously, on May 20, 2010. This was not refuted by the Schravens. The Schravens filed no reply to [Appellee's] New Matter.[4]

> [4] Since [Appellee's] New Matter did not contain averments of fact, the Schravens' failure to reply thereto did not result in any admissions.

On May 15, 2015, without leave of Court, the Shravens filed a Motion to Strike. Neither the caption nor the body of the Motion clarify what the Shravens were asking the Court to strike. The prayer for relief requests that "... this Motion to Strike be granted and the Sheriff's Sale be set aside until it can be determined what amounts [Appellee] is entitled to recover post April 29, 2010." This Motion acknowledges the prior Petition to Strike/Open Default Judgment had been denied on February 9, 2015. The grounds in support of this Motion are essentially the same as those in the Schravens' Petition to Set Aside Sheriff's Sale and to Strike/Open Default Judgment. The only difference is the Schravens allege [Appellee] had refused to provide discovery[5] in order for them to determine the basis for foreclosure related attorney's fees, costs and interest that [Appellee] demanded, citing *EMC Mortgage, LLC v. Biddle*, 114 A.3d 1057 (Pa. Super. 2015). It is clear from paragraph 8 of their Motion filed May 15, 2015, that the Schravens are not contesting the Order of April 29, 2010, wherein the default judgment was reassessed to include interest through May 3, 2010; late fees; legal fees; costs of suit and title search; payment of the escrow deficiency; and interest at 6% per annum from May 3, 2010, until the date of sale.

> [5] Despite the assertion that [Appellee] failed to comply with discovery requests, the Schravens failed to file a motion for sanctions or other appropriate

relief. *See, e.g., Irwin Union National Bank and Trust v. Famous*, 4 A.3d 1099 (Pa. Super. 2010).

On June 18, 2015, the Schravens, without leave of Court, filed an Amended Motion to Strike. In the body of the motion the Schravens state[d] it was an Amended Motion to Strike Default Judgment, thus clarifying that both the May 15th and June 18th motions were motions to strike the default judgment. The grounds in support of this Amended Motion are identical to those asserted in their June 18th Motion to Strike.

Pa.R.C.P. 206.1(b) provides:

A petition shall specify the relief sought and state the material facts which constitute the grounds therefore. All grounds for relief, whether to strike or open a default judgment, shall be asserted in one petition.

On July 16, 2015, I denied the Petition to Set Aside Sheriff's Sale and, in an abundance of caution, the previously filed petitions to strike and/or open. As previously noted, the Schravens did not appeal Judge Hertzberg's Order of February 9, 2015, which denied their original Petition to Strike/Open Default Judgment. There was no petition to open before me, as the Schravens' motions filed after February 9, 2015, sought only to strike the default judgment. They were denied because they violated Pa.R.C.P. 206.1(b) and the coordinate jurisdiction rule. Moreover, the Schravens did not establish grounds to warrant striking the default judgment.

Trial Court Opinion, 12/4/15, at 1-5.

As noted, the trial court entered an order on July 16, 2015, that denied the Schravens' petition to set aside sheriff's sale and reiterated the denial of the petition to open and strike, which had been denied five months earlier in an order filed on February 9, 2015. The Schravens filed their notice of appeal on July 27, 2015.

In their appeal to this Court, the Schravens purport to raise the following issues:

> 1. Did the lower court err when it held that the Default Judgment should not be stricken/opened?
>
> 2. Did the lower court err when it failed to consider the Schravens' Amended Motion to Strike on the merits?
>
> 3. Did the lower court err when it held that the sheriff's sale should not be set aside?
>
> 4. Did the lower court err in failing to follow this Court's holdings in EMC Mortgage, LLC v. Biddle, 114 A.3d 1057 (Pa.Super. 2015)?

The Schravens' Brief at 2-3.

Before we may address the issues raised by the Schravens, we must determine whether this appeal is moot due to the Schravens' failure to file a bond pursuant to Pa.R.A.P. 1733.[1]

Rule 1733 provides as follows:

Requirements for Supersedeas on Agreement or Application

> **(a) General rule.** An appeal from an order which is not subject to Rule 1731 (automatic supersedeas of orders for the payment of money) **shall**, unless otherwise prescribed in or ordered pursuant to this chapter, **operate as a supersedeas only upon the filing with the clerk of the court below of appropriate security as prescribed in this rule**. Either court may, upon its own motion or application of any party in interest,

---

[1] "Generally, an actual claim or controversy must be present at all stages of the judicial process for the case to be actionable or reviewable.... If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot." **Deutsche Bank Nat. Co. v. Butler**, 868 A.2d 574, 576 (Pa. Super. 2005) (citation omitted).

> impose such terms and conditions as it deems just and will maintain the res or status quo pending final judgment or will facilitate the performance of the order if sustained.
>
> **(b) Tangible property.** When the order determines the disposition of the property in controversy as in real actions, replevin, and actions to foreclose mortgages or when such property is in the custody of the sheriff, or when the proceeds of such property or appropriate security for its value is in the possession, custody or control of the court, the amount of the additional security shall be fixed by agreement of the parties, or by the court, at such sums only as will secure any damages for the use and detention of the property, interest, the costs of the matter and costs on appeal.

Pa.R.A.P. 1733 (emphases added).

Here, it is undisputed that the Schravens failed to file a bond, and the deed to the subject property was delivered to Appellee, acknowledged by the Sheriff, and recorded in the Allegheny County Department of Real Estate on October 6, 2015.[2]  However, the Schravens contend that this appeal is not moot based on *Jefferson Bank v. Newton Associates*, 686 A.2d 834 (Pa. Super. 1996).  The Schravens' Reply Brief at 1-3.

In *Jefferson Bank*, Newton Associates was the record owner of condominium units.  *Id*. at 836.  Jefferson Bank held a first mortgage on the units.  *Id*.  In December of 1991, the Middleton Condominium Association filed suit against Newton Associates alleging that it had failed to pay its assessment dues.  *Id*. at 836-837.  In May of 1993, Middleton Condominium

---

[2] A copy of the Sheriff's Deed was filed of record in the instant matter on November 3, 2015.  Certified Record at 59.

Association obtained a judgment against Newton Associates. *Id*. Middleton Condominium Association then commenced an action against the primary mortgage holder, Jefferson Bank. *Id*. Middleton Condominium Association's theory of recovery was that Jefferson Bank was a mortgagee in possession and liable for the debt. *Id*.

Thereafter, Jefferson Bank initiated mortgage-foreclosure actions against Newton Associates due to their failure to pay taxes. *Jefferson Bank*, 686 A.2d at 837. Newton Associates did not challenge the actions. *Id*. Jefferson Bank secured a $254,783.89 judgment and filed a writ of execution in order to sell the units at a sheriff's sale. *Id*. However, before the sheriff's sale was held, Jefferson Bank assigned its interest to a company named Shell Real Estate. *Id*. **Shell Real Estate had agreed to re-sell the units to third parties, and to accomplish this goal, Shell assigned its interest to the third-party buyers, and issuance of title would be directly from the sheriff to the buyer.** *Id*. After the sheriff's sale to Shell Real Estate, the Middleton Condominium Association's liens were extinguished by operation of law. *Id*.

Middleton Condominium Association filed petitions to set aside the sheriff's sale due to fraud. On that basis, and without further discussion, this Court concluded the sheriff's issuance of deeds to the prospective third party buyers was automatically stayed. *Jefferson Bank*, 686 A.2d at 837. Additionally, in its petitions, Middleton Condominium Association argued that

Shell Real Estate was simply the alter ego of Jefferson Bank and was created to act as Jefferson Bank's agent at the sale. *Id*.

Jefferson Bank filed motions to strike. *Jefferson Bank*, 686 A.2d at 837. The motions to strike the petitions were partially granted, and Middleton Condominium Association's motions to strike the sheriff's sale were denied. *Id*. Middleton Condominium Association appealed and challenged the order partially granting Jefferson Bank's motions to strike the petitions and the order denying the petitions to strike the sheriff's sale. *Id*.

On appeal, Jefferson Bank and Shell Real Estate claimed that the appeal was moot because the titles to the properties had been transferred to third parties after the condominium association filed its appeal. *Jefferson Bank*, 686 A.2d at 837. This Court addressed that claim of mootness as follows:

> This is a specious argument, for it ignores the essential fact that, in the present appeal, it was appellees who transferred the properties after appellant took its appeal. This is a distinction with a difference, because our courts have never held that an adverse party may create mootness through deliberate factual manipulation.

*Jefferson Bank*, 686 A.2d at 838. Importantly, however, that prior panel of this Court never discusses Pa.R.A.P. 1733 and the ramifications of the failure to file a bond or obtain a stay.

After reviewing the relevant authority, we are satisfied that this matter is not controlled by our decision in *Jefferson Bank*. Therein, there was an accusation of manipulation in that it was alleged that Jefferson Bank created

Shell Real Estate for the sole purpose of acting as the bank's agent at sale. This resulted in the transfer of the sheriff's deeds directly to third parties. *Jefferson Bank*, 686 A.2d at 837. More importantly, and as noted above, the *Jefferson Bank* Court never addressed Pa.R.A.P. 1733 and the question of how a failure to obtain a bond and supersedeas impacts a determination of mootness. *See Deutsche Bank*, 868 A.2d at 578 n.1 (directly addressing mootness caused by a party's failure to obtain a stay). As such, we agree with Appellee that *Jefferson Bank* is readily distinguishable, and we conclude this appeal is moot. Ultimately, the Schravens are asserting that the mere filing of an appeal acts as a supersedeas; however, there is no support for this argument, and such a conclusion would render Pa.R.A.P. 1733 a nullity.[3]

For the reasons set forth above, we conclude that the Schravens' failure to file a bond and stay the proceedings render the instant matter moot. Accordingly, we hereby dismiss the appeal.

Appeal dismissed as moot.

Judge Olson Concurs in the Result.

Judge Strassburger files a Dissenting Memorandum.

_____

[3] Despite their protestations (The Schravens' Reply Brief at 1-4), the Schravens have provided no authority that any issue or challenge raised below overcomes mootness.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/28/2016