J-A16013-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-CH2, ASSET BACKED PASS-TROUGH CERTIFICATES, SERIES 2006-CH2 | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| DAVID SCHRAVEN, KELLY SCHRAVEN, THE UNITED STATES OF AMERICA C/O THE UNITED STATES ATTORNEY FOR THE WESTERN DISTRICT OF PENNSYLVANIA, | : : : : : : : | |
| APPEAL OF: DAVID SCHRAVEN AND KELLY SCHRAVEN | : : | No. 1153 WDA 2015 |

Appeal from the Order July 16, 2015
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): MG-09-001176

BEFORE:     SHOGAN, OLSON, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED:  September 28, 2016**

Because I disagree with the Majority's determination that the appeal is moot, and would address the Schravens' substantive issues, I respectfully dissent.

The learned Majority determined that the instant appeal is moot on the basis that the Schravens failed to file a supersedeas bond and stay the sheriff's sale proceedings. Majority Memorandum at 10.  In so doing, the Majority found distinguishable this Court's holding in ***Jefferson Bank v.***

---

*Retired Senior Judge assigned to the Superior Court.

***Newton Associates***, 686 A.2d 834 (Pa. Super. 1996) (rejecting the appellees' argument that the appeal was moot "because titles to all of the condominium units at issue were transferred to third parties subsequent to appellant's filing of its notice of appeal" and noting that Pennsylvania Courts "have never held that an adverse party may create mootness through deliberate factual manipulation"). Although the factual situation presented herein is similar to that presented in ***Jefferson***, the Majority holds that ***Jefferson*** is inapplicable because the Court in ***Jefferson*** did not address the issue of how failure to obtain a supersedeas affects a determination of mootness. Majority Memorandum at 10.

However, contrary to the Majority's determination, the ***Jefferson*** Court's failure to address the effect of a supersedeas bond on a claim of mootness does not render inapplicable the Court's holding in that case. Instantly, the July 16, 2015, trial court order, which denied both the Schravens' petition to set aside the sheriff's sale and the motion to strike/open default judgment, was not subject to automatic supersedeas under Pa.R.A.P. 1731. Nor did it "determine[] the disposition of the property in controversy as in real actions, replevin, and actions to foreclose mortgages or when such property is in the custody of the sheriff, or when the proceeds of such property or appropriate security for its value is in the possession, custody or control of the court," as required for a supersedeas

under Pa.R.A.P. 1733. Simply put, the nature of the order left nothing to supersede. Thus, the effect of a supersedeas on the issue of mootness is immaterial to the instant case, and the Majority's rejection of the precedent set forth in *Jefferson* was in error.

Moreover, the property at issue was not sold at sheriff's sale to a third party; rather, Appellee was both the proponent of, and prevailing purchaser at, the sheriff's sale. Accordingly, there is no prejudice to Appellee in allowing the matter to proceed. Thus, I would find the appeal ripe for review and evaluate the Schravens' substantive claims on appeal.