J-S07030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: M.D. AND Z.F., MINORS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: B.F. AND A.D. | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1523 MDA 2018 |

Appeal from the Dispositional Order Entered August 27, 2018
In the Court of Common Pleas of Schuylkill County Juvenile Division at
No(s): CP-54-DP-0000200-2018,
CP-54-DP-0000323-2015

BEFORE: OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED OCTOBER 04, 2019**

B.F. ("Father") and A.D. ("Mother") (collectively "Parents") appeal, *pro se*, from the order adjudicating M.D. (d.o.b. 1/27/08) and Z.F. (d.o.b. 2/16/17) (collectively "Children") to be dependent. We conclude that the instant appeal is moot. Therefore, we dismiss this appeal.

The dependency petitions here at issue were filed by the Schuylkill County Children and Youth Services ("Agency") in July 2018. The Agency contends that they provided proper notice to Parents, including notification regarding their right to counsel. The court continued the initial adjudicatory hearing specifically to allow Father to obtain counsel. **See** Tr. Ct. Order, 8/8/18. After a further continuance due to apparent flooding, the trial court ultimately conducted an adjudicatory hearing in August 2018.

---

* Retired Senior Judge assigned to the Superior Court.

At the adjudicatory hearing, the trial court heard extensive testimony regarding continual concerns about the medical conditions of the Children, Parents' drug and alcohol issues, the lack of stable housing, and conflict among the parties with co-parenting responsibilities. Following the August 2018 hearing, the trial court found the Children to be dependent and ordered services for the family, but did not remove the Children from the home. Parents filed the instant timely appeal[1] and the trial court issued a responsive Pa.R.A.P. 1925(b) opinion.

However, because Parents were uncooperative and unwilling to receive services, especially regarding their substance abuse issues, the Agency filed a Shelter Care Application. The court held a hearing at which Parents were represented by counsel and, in September 2018, issued a new and more restrictive order, which once again found the Children to be dependent. However, this time, the court removed the Children from Parents' physical custody. As the trial court noted, the September 2018 order is now the operative order in this case. Indeed, there have been two placement hearings

_____

[1] Parents filed a single notice of appeal containing multiple docket numbers from the court of common pleas in violation of Pa.R.A.P. 341. **See Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) (holding that quashal is required where litigants fail to file separate notices of appeal from an order resolving issues on more than one docket number). Subsequently, this Court in **In the Matter of: M.P.**, 204 A.3d 976, 981 (Pa.Super. 2019), recognizing that previous decisional law may have been unclear, declined to quash an involuntary termination case based on noncompliance with Rule 341. However, Court in **M.P.** announced that in the future, it would quash all noncompliant appeals. **Id.** at 986. Thus, because Parents filed the instant notice of appeal in September 2018, prior to this Court's decision in **M.P.** in February 2019, we will not quash this appeal.

since the entry of the September 2018 order, at which Parents declined to appear and after which the trial court permitted Parents' counsel to withdraw. Hence, the Agency filed an application in this Court to dismiss Parents' appeal on mootness grounds. This Court denied the application without prejudice to the Agency's re-raising mootness in its merits brief, which the Agency has done.

Before we addressed mootness or any other aspect of the merits briefing, we remanded to the trial court for clarification regarding Parents' appearing at the August 2018 hearing without counsel. We did so because there was no explanation on the record as to when or how either parent waived the right to counsel. *See* 42 Pa.C.S.A. § 6337 ("If a party other than a child appears without counsel the court shall ascertain whether he knows of his right thereto and to be provided with counsel by the court if applicable.") The trial court issued a comprehensive responsive opinion ("Responsive Opinion"), and we now conclude that the trial court acted properly.

In its Responsive Opinion, the trial court explained that significant concerns regarding the Children's safety were raised during the first dependency hearing.[2] Although the court continued the hearing so Father

_____

[2] At the hearing, grandmother, C.K. expressed concerns about alleged mismanagement by Parents of M.D.'s medical condition. C.K. explained that she had twice been contacted by school districts that M.D. had to be hospitalized because he had gone into insulin shock at school. C.K. responded to the hospital on both occasions as Parents could not be located at the time. C.K. also expressed concern regarding her belief that M.D.'s medical coverage had lapsed. Responsive Opinion at 2.

could obtain private counsel on behalf of himself and Mother, the court made it abundantly clear that due to the serious nature of the issues for Children, it would not grant any additional continuances. It especially clarified that it was the parties' responsibility either to engage private counsel, as Father indicated he intended, or to obtain appointed counsel, as mandated by law. N.T., 8/6/18 at 4; 7-8. Further, in the Responsive Opinion, the court aptly noted that the Adjudicatory Summons, issued individually to each Parent, properly explained the parties' right to counsel and set forth the proper procedure for procuring appointed counsel. Responsive Opinion at 1. It specifically stated that if the party did not contact the Agency, by July 27, 2018, then "it will be assumed that you do not wish to apply for court-appointed counsel." *Id.*

Thus, the court took proper steps to ensure that Parents were aware of their right to counsel, and Parents effectively waived that right by failing to take the necessary steps to obtain counsel by the August 2018 hearing. *See In re S.U.*, 204 A.3d 949, 962 (Pa.Super. 2019) (*en banc*) (holding "where a parent has been given proper notice of an adjudicatory hearing and of the parent's right to counsel, the juvenile court need not delay proceedings further to conduct an in-person colloquy of a parent's right to counsel").

Next we consider whether the instant appeal is moot. In, *In Re D.A.*, 801 A.2d 614 (Pa.Super. 2002) (*en banc*), this Court explained the mootness doctrine as follows:

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. *In re Duran*, 769 A.2d 497 (Pa.Super. 2001). "An issue can

become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law[.]" ***In re Cain***, [ ] 590 A.2d 291, 292 ([Pa.]1991). In that case, an opinion of this Court is rendered advisory in nature. ***Jefferson Bank v. Newton Associates***, [ ], 686 A.2d 834 ([Pa.Super.] 1996). "An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." ***Johnson v. Martofel***, [797 A.2d 943, 946 (Pa.Super. 2002)]; ***In re T.J.***, 699 A.2d 1311 (Pa.Super. 1997).

\*\*\*

Nevertheless, this Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court. ***Erie Insurance Exchange v. Claypoole***, [ ] 673 A.2d 348 (Pa.Super. 1996); ***Commonwealth v. Smith***, [ ] 486 A.2d 445 (Pa.Super. 1984).

***In Re D.A.***, 801 A.2d at 616.

In this case, the dependency order entered on September 24, 2018, which Parents have not appealed, has rendered the instant order, entered on August 27, 2018, moot. While the August order did adjudicate the Children to be dependent, the September order also concluded that the Children were dependent, after even more findings regarding Parents actions after the entry of the August order, and moreover took the additional step of removing physical custody of the Children from Parents. Thus, the intervening September order rendered the August order here at issue moot because even if this Court were to reverse the August order, the September order, which

also adjudicated the Children to be dependent and removed the Children from Parents' custody would remain in effect.

Thus, due to intervening events, this Court cannot render a decision on the August dependency order which would have any legal effect on the rights of the parties and therefore the order is moot. *See In Re D.A.*, 801 A.2d at 616. Accordingly, because we deem the order at issue to be moot and because we do not conclude that any exception to the mootness doctrine applies, we dismiss Parents' instant appeal.

Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/04/2019