J-S65040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN WHITENIGHT, | |
| Appellant | No. 378 WDA 2016 |

Appeal from the PCRA Order February 11, 2016
in the Court of Common Pleas of Jefferson County
Criminal Division at No.: CP-33-CR-0000001-2014

BEFORE: LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 1, 2016**

Appellant, Shawn Whitenight, appeals *pro se* from the order dismissing his second petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, as untimely filed. Appellant has also filed an application to strike the entry of appearance of the prosecutor. We deny the application as moot, and affirm the order of dismissal.

On May 16, 2014, Appellant entered a counseled guilty plea to one count of attempted kidnapping[1] and received a negotiated sentence of not less than forty-eight nor more than ninety-six months' incarceration in a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Pertinent to an issue raised on appeal, Appellant admitted the attempted kidnap, but denied using a gun. (**See** N.T. Plea and Sentencing, 5/16/14, at 9).

state correctional institution, followed by a term of twelve years' probation.[2] (**See** N.T. Plea and Sentencing, 5/16/14, at 12; **see also** Sentence, 5/19/14). He did not file post-sentence motions or a direct appeal.

Appellant's first, counseled PCRA petition, filed on May 11, 2015, was dismissed on August 20, 2015, after notice pursuant to Pa.R.Crim.P. 907. He filed the instant second petition *pro se* on January 4, 2016. After Rule 907 notice and Appellant's written objection, the PCRA court dismissed the petition on February 11, 2016. Appellant timely appealed, on March 7, 2016.[3]

Appellant presents two questions for our review:

> I. Whether the trial court erred when it dismissed Appellant's second PCRA petition as being untimely and not meeting any of the statutory exceptions?
>
> II. Whether the trial court erred in sentencing Appellant to an illegal sentence?

_____

[2] As part of the plea, the Commonwealth *nolle prossed* **eleven** remaining charges, including the more serious charge of actual kidnapping. (**See id.** at 12). Also as part of the negotiated plea, the Commonwealth waived Appellant's ineligibility for RRRI, making him RRRI eligible at forty months. (**See id.** at 9, 13).

[3] Appellant filed a timely concise statement of errors on March 29, 2016. **See** Pa.R.A.P. 1925(b). The PCRA court filed an opinion on March 31, 2016, referencing its opinion and order filed on February 11, 2016 in support of the notice of intent to dismiss Appellant's second PCRA petition. **See** Pa.R.A.P. 1925(a).

(Appellant's Brief, at 7).[4]

> In conducting review of a PCRA matter, we consider the record in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the evidence of record and the factual findings of the PCRA court. This Court will afford great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. Thus, when a PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its decision. Of course, if the issue pertains to a question of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1201 (Pa. 2015) (citation and internal quotation marks omitted).

Here, liberally construed, Appellant argues in effect that his sentence is illegal because, he claims, he was sentenced pursuant to a deadly weapons enhancement (DWE). (**See** Appellant's Brief, at 14, 17). He maintains that a DWE sentence is constitutionally infirm under *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015). (**See id.** at 11).

*Newman*, a direct appeal decided on August 20, 2014, held that a mandatory minimum sentencing statute, 42 Pa.C.S.A. § 9712.1, is unconstitutional under the United States Supreme Court's holding in *Alleyne*

---

[4] The Commonwealth did not file a brief in this appeal.

*v. United States*, 133 S. Ct. 2151 (2013).[5]  *See Newman*, *supra* at 103.

*Alleyne* held that any fact that, by law, increases the mandatory minimum penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt.  *Alleyne*, *supra* at 2155.[6]

However, before we may review the merits of Appellant's claims, we must consider whether the instant PCRA petition is timely.  The timeliness of a PCRA petition is a threshold question that implicates the jurisdiction of a court to consider the merits of the relief requested.  *See Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa. Super. 2014).

To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition

_____

[5] We note that *Alleyne*, decided on June 17, 2013, was already controlling authority when Appellant entered his plea and received his negotiated sentence on May 16, 2014.

[6] Even if Appellant's claim was cognizable, his reliance on *Alleyne* and *Newman* would be misplaced.  On independent review it is abundantly clear that the sentencing court did not sentence under the DWE.  (*See* N.T. Plea and Sentencing, at 11).  The Guideline Sentence Form confirms that the court did not factor in a DWE.  (*See* Guideline Sentence Form, 8/13/14). Moreover, this Court has already decided that a trial court **may** find that the deadly weapon enhancement applies **without** offending *Alleyne*.  *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (*en banc*); *see also Commonwealth v. Valentine*, 101 A.3d 801, 813 (Pa. Super. 2014) (Gantman, P.J., concurring).  In any event, *Alleyne* is not retroactive.  *See Commonwealth v. Washington*, No. 37 EAP 2015, 2016 WL 3909088, at *8 (Pa. filed July 19, 2016) (holding that *Alleyne* does not apply retroactively to cases pending on collateral review).  (*See also* n.8, *infra*).

alleges and the petitioner pleads and proves one or more of the following statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

The PCRA petitioner bears the burden to plead and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within sixty days of the date the claim first could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2). A petitioner fails to satisfy the sixty–day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier. **See Commonwealth v. Marshall**, 947 A.2d 714, 719–20 (Pa. 2008).

"[A]n untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at [42 Pa.C.S.A. § 9545] are met."

*Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014) (footnote omitted).

Here, as already noted, Appellant was sentenced on May 16, 2014. He did not file a direct appeal. Therefore, his sentence became final on June 16, 2014, after the thirty day period to file an appeal expired.[7] **See** 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"). Accordingly, Appellant had until June 16, 2015 to file a timely PCRA petition.

Consequently, the instant PCRA petition, filed on January 4, 2016, is untimely on its face unless Appellant pleads and proves one of the statutory exceptions to the time-bar. Liberally construed, Appellant argues that because his sentence is illegal his petition was timely and he is entitled to a remand for resentencing. (**See** Appellant's Brief, at 18). We disagree.

"Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. Thus, Appellant's contention is easily dismissed." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (citation omitted).

_____

[7] June 15, 2014 fell on a Sunday.

Aside from the bald claim of illegality, Appellant fails to plead or prove any of the three recognized statutory exceptions to the PCRA time-bar. Furthermore, Appellant failed to file his petition within sixty days of the filing of the decisions he now cites as authority. *See* 42 Pa.C.S.A. § 9545(b)(2).

Appellant claims limited access to the prison law library. (*See* Appellant's Brief, at 12-13). This does not provide a basis for relief from the statutory time-bar. *See Commonwealth v. Baldwin*, 789 A.2d 728, 731 (Pa. Super. 2001), *appeal denied*, 863 A.2d 1141 (Pa. 2004) (holding that "Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law."). Appellant's petition was untimely filed with no statutory exception to the time-bar pleaded and proven.[8]

Finally, as previously noted, Appellant has filed an application to strike the entry of appearance of the prosecutor, claiming a conflict of interest.

_____

[8] Moreover, we note for clarity and completeness that the factual premise of Appellant's claims, that he was sentenced under a DWE, is belied by the record. As already noted, Appellant admitted the negotiated count of attempted kidnap, but denied using a gun. (*See* N.T. Plea and Sentence Hearing, 5/16/14, 9). As expressly noted by the trial court, Appellant received the sentence negotiated as part of a plea agreement. (*See id.* at 11). Even if the Commonwealth may have considered the DWE guidelines in formulating the proposed sentence, which Appellant accepted, any such preliminary consideration, without more, does not convert a negotiated, favorable sentence into an illegal one. The trial court also noted for the record that the agreed on sentence fell within, or just above, the standard range. No enhancement was considered or imposed by the court. (*See id.*). The sentencing order contains no reference to a DWE. (*See* Sentence, 5/19/14; *see also* n.6 *supra*).

(**See** Application to Strike July 14, 2016 Entry of Appearance by Commonwealth Attorney Carlini, 7/19/16, at 1-2). With no supporting evidence, and claiming only unspecified personal knowledge, he alleges various purported wrongdoings by the prosecutor's husband at a previous place of employment. He requests an investigation.

Lacking any basis in law or fact, the application is frivolous. Furthermore, except for the implicit inference of spousal influence, Appellant fails to assert, let alone develop, any connection to the instant appeal. Leaving aside the technical and substantive defects of the application, the issue is moot. The prosecutor did not file a brief on behalf of the Commonwealth. "An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." **Deutsche Bank Nat. Co. v. Butler**, 868 A.2d 574, 577 (Pa. Super. 2005) (quoting **Rivera v. Pa. Dep't of Corr.**, 837 A.2d 525, 527 (Pa. Super. 2003)).

Order affirmed. Application denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/1/2016