**DEUTSCHE BANK NATIONAL COMPANY, as Custodian or Trustee f/k/a Bankers Trust Company of California, N.A., Appellee,**

v.

**Darrell O. BUTLER and Barbara June Butler.**

**Appeal of: Philip Stout, t/d/b/a County Development.**

Superior Court of Pennsylvania.

Argued Oct. 26, 2004.
Filed Feb. 7, 2005.

David S. Posner, Washington, for appellant.

Bonnie Dahl, Philadelphia, for Deutsche Bank, appellee.

BEFORE: BENDER, PANELLA and POPOVICH, JJ.

OPINION BY BENDER, J.:

¶ 1 Philip Stout, t/d/b/a County Development (Appellant), appeals from the order setting aside a sheriff's sale for real property that he purchased. Appellant claims

that the executing creditor in this mortgage foreclosure action, Deutsche Bank National Company (Appellee), made a unilateral mistake by not bidding a sufficient amount to purchase the property. For the following reasons, we conclude that this appeal is moot. Therefore, we dismiss this appeal.

¶ 2 The trial court summarized the facts of this case as follows:

Defendants, Darrell and Barbara Butler, acquired property at 515 Clubview Drive, McMurray, Pa and Advanta National Bank executed a mortgage thereon September 8, 1999. On May 11, 2000, Deutsche National Bank ("Plaintiff") assumed said mortgage. As set forth in Plaintiff's action for mortgage foreclosure, monthly payments of principal and interest due from October 15, 2002, and each month thereafter, remain unpaid. At the time Judgment by Default was entered July 30, 2003, the amount of principal due was Two Hundred Sixteen Thousand Two Hundred Fifty–One Dollars and Forty Cents ($216,251.40) and the amount of interest due was Eight Thousand Fifty–Seven Dollars and Eighty–Eight Cents ($8,057.88). Per the terms of the mortgage, upon default for a period of one (1) month, the entire principal balance and all interest due thereon are collectible forthwith. At the time Plaintiff's Counsel filed the aforementioned action for mortgage foreclosure, the total amount due on the mortgage was Two Hundred Sixteen Thousand Two Hundred Fifty–One Dollars and Forty Cents ($216,-251.40). Determination of said amount was in conformity with the mortgage documents and Pennsylvania Law, and Plaintiff appropriately conformed to the Combined Notice of Delinquency requirements as set forth by Act 6 of 1974 (41 P.S. § 403) and Act 91, the Emergency Mortgage Assistance Act of 1983.

On September 11, 2003, Plaintiff filed Notice of Sheriff's Sale of Real Property, the same being originally scheduled for November 7, 2003 at 10:00 a.m. Said Sheriff's Sale was rescheduled for, and held on, February 6, 2004. At the time of Sheriff's Sale, the upset price (total amount of judgment and costs) for the premises was Two Hundred Forty Thousand Six Hundred Dollars (240,600.00), and Plaintiff instructed its Counsel, Stephanie M. Sewak, Esq. to bid that amount on their behalf.

At said February 6, 2004 Sheriff's Sale, third party bidder Philip Stout t/d/b/a County Development's ("Stout") successfully bid Twenty Five Thousand Dollars ($25,000.00) for the premises. Ms. Sewak mistakenly failed to increase the bidding and the Sheriff accepted Stout's bid. Later the same day (February 6, 2004), Ms. Sewak filed a Petition to Set Aside Sheriff's Sale of Real Property ("Petition"), alleging: (i) the bid price of $25,000.00 is grossly inadequate; (ii) the completion of the sale in light of the Counsel's mistake and gross inadequacy of price would constitute a gross miscarriage of justice; and (iii) the purchaser, Stout knew of Attorney Sewak's mistake.

This Court issued a Rule on February 17, 2004 for all interested parties to show cause in regard to why the Sheriff's Sale should not be set aside. Upon consideration of Plaintiff's Petition to Set Aside the Sheriff's Sale and the briefs submitted by both parties, this Court entered an Order May 18, 2004 granting Plaintiff's Petition to Set Aside the Sale. Said Order also directed the Sheriff's Sale be rescheduled for July 2, 2004 without further advertisement, but with a public announcement by the Sheriff at the preceding month's sale.

Appellant Stout timely filed the instant appeal. In accordance with Pa. R.A.P. No.1925(b), this Court directed Stout to file a Concise Statement of Matters Complained of on Appeal. Stout's 1925(b) Statement alleges this Court erred by: (i) granting Plaintiff's Motion to Set Aside the Sheriff's Sale in which Stout was the successful bidder; (ii) setting aside the Sheriff's Sale where Plaintiff's Counsel made a unilateral mistake; and (iii) ordering the property be reauctioned by the Sheriff without advertisement on July 2, 2004.

Trial Court Opinion (T.C.O.), 7/19/04, at 1–3.

¶ 3 After Appellant filed his Notice of Appeal, he petitioned the trial court to stay the sheriff's sale that the court had re-scheduled for July 2, 2004. Pursuant to Pa.R.A.P. 1701, Appellant offered to post a bond in the amount of $25,000 to operate as a supersedeas. By order dated June 24, 2004, the trial court granted the supersedeas, but did so on the condition that Appellant post a bond in the amount of $255,000. *See* Pa.R.A.P. 1733(b). Appellant did not post the bond, and hence the court's order setting aside the sheriff's sale was never superseded. Accordingly, on July 2, 2004, the property was sold to Appellee at the re-scheduled sheriff's sale and subsequently, the sheriff delivered the deed to Appellee. (Sheriff Service Process Receipt, and Affidavit of Return, 7/29/04, Docket Sheet at 39).

¶ 4 On appeal, and after oral argument, Appellee filed a Motion to Dismiss based on mootness. Appellant has objected to the timeliness of this motion on the basis that the motion was filed after argument. *See* Pa.R.A.P. 2501. However, Pa. R.A.P. 2501 only applies to "communications" such as briefs, memoranda or letters. It does not apply to applications for relief, which are governed by Pa.R.A.P.

123 and Pa.R.A.P. 1972. Furthermore, pursuant to Pa.R.A.P. 1972(4), a party may file a motion to dismiss for mootness without limitation. Nor does Pa.R.A.P. 123 limit the time at which such a motion must be filed.

¶ 5 "Generally, an actual claim or controversy must be present at all stages of the judicial process for the case to be actionable or reviewable.... If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot." *J.S. v. Whetzel,* 860 A.2d 1112, 1118 (Pa.Super.2004) (quotation marks and citation omitted). "An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law." *In re Cain,* 527 Pa. 260, 590 A.2d 291, 292 (1991). "An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *Rivera v. Pennsylvania Dept. of Corrections,* 837 A.2d 525, 527 (Pa.Super.2003).

¶ 6 In the instant case, the order under review set aside the sheriff's sale and re-scheduled a sale for July 2, 2004. Despite the fact that Appellant filed an appeal, the order was never superseded. Consequently, the property was sold at the second sale, and now an order declaring the first sale valid would have no effect.

¶ 7 Appellant claims that the issue is not moot because Appellee "still hold[s] title to the property and a Motion to Strike the Deed, in the event that you find in favor of the Appellant will solve the problem, and will remand the property back into the custody of the Court." Objection and Answer to Motion to Dismiss Appeal and Brief in Support Thereof at ¶ 9. However, while the property was sold to Appellee six months ago, there is nothing in the record

that indicates whether Appellee still owns it.

¶ 8 Furthermore, it is apparent that Appellant is attempting to attack the legality of the second sale by pursuing an appeal of the order setting aside the first sale. Appellant claims, without any citation to legal authority, that if this Court were to reverse the trial court, Appellant could then successfully litigate a "Motion to Strike the Deed." This is doubtful, however, for pursuant to Pa.R.C.P. 3132, a petition to set aside a sheriff's sale may only be granted when the petition is filed before the sheriff's delivery of the deed. As stated above, the record shows that following the second sale, the sheriff delivered the deed to Appellee.

¶ 9 Finally, we are compelled to note that Appellant did not exhaust his remedies in preventing this issue from becoming moot. Namely, while Appellant now complains that the trial court erred in setting the amount of the supersedeas at $255,000, he never filed a motion with the trial court or this Court pursuant to Pa.R.A.P. 1737 objecting to the amount of the security. Instead, Appellant chose not to file the bond or a motion, and the property was sold.[1]

¶ 10 Motion to Dismiss **GRANTED.**

---

**1.** We note that in *Jefferson Bank v. Newton Associates,* 454 Pa.Super. 654, 686 A.2d 834 (1996), we concluded that a similar issue was not moot where the sheriff delivered the deed after the appellant had filed a notice of appeal from the trial court's order denying the appellant's petition to set aside a sheriff's sale. However, in *Jefferson,* we did not consider the issue of how an appellant's failure to obtain a supersedeas impacts a determination of whether an issue has become moot due to the subsequent enforcement of the trial court's order. Thus, we find the case distinguishable.