J-A24013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STATES RESOURCES CORP., SUCCESSOR BY ASSIGNMENT TO WACHOVIA BANK, NATIONAL ASSOCIATION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SPIRIT AND TRUTH WORSHIP AND TRAINING CHURCH, INC. | |
| Appellee | No. 481 EDA 2014 |

Appeal from the Order Entered December 26, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): August Term, 2012, No. 02767

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                 **FILED OCTOBER 28, 2014**

Appellant, State Resources Corp., Successor by Assignment to Wachovia Bank, National Association, appeals from the order entered in the Philadelphia County Court of Common Pleas, requiring Appellee, Spirit and Truth Worship and Training Church, Inc., to post an appeal bond in the amount of $8,600.00.  We dismiss the appeal as moot.

On August 27, 2012, Appellant filed a complaint in mortgage foreclosure against Appellee.  Appellee did not respond to the complaint.  On October 22, 2012, Appellant filed a *praecipe* for entry of default judgment in the amount of $132,565.48.  That same day, the court entered judgment

_____

*Retired Senior Judge assigned to the Superior Court.

against Appellee. On March 5, 2013, Appellant purchased the property at a sheriff's sale for $8,600.00. Appellee filed a "motion" to set aside sheriff's sale on March 20, 2013, which the court denied on September 18, 2013. On October 15, 2013, Appellee timely filed a notice of appeal docketed at No. 2992 EDA 2013.

Appellant filed a motion for appeal bond on October 23, 2013, requesting that Appellee post a bond in the amount of $159,078.58. On December 26, 2013, the court granted Appellant's motion in part, ordering Appellee to post a bond in the amount of $8,600.00. Appellant filed a motion for reconsideration, which the court denied on January 10, 2014. Appellant timely filed a notice of appeal on January 20, 2014.

"Generally, an actual claim or controversy must be present at all stages of the judicial process for the case to be actionable or reviewable...." *Deutsche Bank Nat. Co. v. Butler*, 868 A.2d 574, 577 (Pa.Super. 2005) (quoting *J.S. v. Whetzel*, 860 A.2d 1112, 1118 (Pa.Super. 2004)).

> If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

*Butler, supra* at 577 (internal citations and quotation marks omitted).

Instantly, the trial court required Appellee to post an appeal bond related to its appeal at No. 2992 EDA 2013. This Court subsequently

- 2 -

adjudicated the appeal at No. 2992 EDA 2013, affirming the order denying Appellee's "motion" to set aside sheriff's sale.  Therefore, Appellant's current appeal, regarding the propriety of the amount of Appellee's appeal bond, is now moot.  ***See id.  See also Parliament Industries, Inc. v. William H. Vaughan & Co., Inc.***, 503 Pa. 43, 468 A.2d 450 (1983) (explaining appeal pertaining to amount of security on *supersedeas* bond was moot, where separate appeal for which bond and security had been required was already adjudicated).  Accordingly, we dismiss the appeal.

Appeal dismissed.

Judge Platt joins this memorandum.

President Judge Emeritus Bender concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/28/2014</u>