J. A34003/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

IN THE INTEREST OF:  M.B.,            :       IN THE SUPERIOR COURT OF
                                      :             PENNSYLVANIA
                        Appellant    :
                                      :       No. 1170 MDA 2014
                                      :


Appeal from the Order, June 17, 2014,
in the Court of Common Pleas of Dauphin County
Juvenile Division at No. CP-22-DP-2100087-1999


BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STABILE, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:            **FILED MARCH 09, 2015**

Appellant, M.B., appeals the order of the Court of Common Pleas of Dauphin County that determined M.B. was no longer dependent, ordered her dependency case terminated, and released her from the jurisdiction of the juvenile court.  We dismiss the appeal as now moot.

M.B. was born in December of 1993; she was adjudicated dependent on February 19, 1999.  M.B. remained in the care and custody of Dauphin County Social Services for Children and Youth ("the Agency") for more than 13 years.  On August 21, 2012, a permanency review hearing was held, and M.B. was discharged from foster care.  During this time, M.B. was incarcerated in York County, and was subsequently released on probation.

On October 11, 2013, a motion was filed and temporarily granted requesting the resumption of dependency.  A hearing took place on October 29, 2013.  On November 1, 2013, the juvenile court approved the

master's recommendation for resumption of jurisdiction and placement in foster care. On November 8, 2013, the court approved modification of M.B.'s placement to a foster home in Reading. M.B. remained in the foster home until she was involved in an incident on March 26, 2014, resulting in charges filed against her for institutional vandalism, terroristic threats, disorderly conduct, and harassment.

A permanency review hearing occurred on May 13, 2014, and the master recommended M.B. remain dependent and under the jurisdiction of the court. On May 28, 2014, the Agency filed a motion for rehearing, challenging the recommendation of the master. A hearing was scheduled for June 17, 2014, at which time M.B. was incarcerated on the pending charges. M.B. testified that she was 20 years old and requested the court retain jurisdiction. At the conclusion of the hearing, the juvenile court found that M.B. was no longer dependent, released her from the jurisdiction of the court, and terminated the case. A timely notice of appeal followed.

M.B. argues the juvenile court erred as a matter of law and/or abused its discretion in finding she was no longer dependent, terminating the case, and releasing her from the jurisdiction of the court. According to M.B., she meets the definition of a dependent child consistent with 42 Pa.C.S.A. § 6302. We disagree.

At the time of the June 17, 2014 hearing, M.B. was 20 years old and would be turning 21 years of age in December of 2014. The juvenile court

pointed out, "Since M.B. will likely be incarcerated well past December 15, 2014, when she reaches the age of twenty-one, she will no longer fit the definition of a dependent child." (Trial court opinion, 8/13/14 at 7.) The Juvenile Act provides in pertinent part:

> f. Matters to be determined at permanency hearing.--At each permanency hearing, a court shall determine all of the following:
>
> . . . .
>
> (8.1) Whether the child continues to meet the definition of "child" and has requested that the court continue jurisdiction pursuant to section 6302 if the child is between 18 and 21 years of age.

42 Pa.C.S.A. § 6351. *See In the Interest of S.J.*, 906 A.2d 547, 550 ("the Act establishes that upon turning eighteen years of age a dependent child may, under certain circumstances, remain under the care afforded by the Act until turning 21 years of age").

This court has stated the following about the mootness doctrine:

> Generally, an actual claim or controversy must be present at all stages of the judicial process for the case to be actionable or reviewable. . . . If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

***Deutsche Bank Nat. Co. v. Butler***, 868 A.2d 574, 577 (Pa. Super. 2005) (citations and quotation marks omitted). "Exceptions to this principle are made where the conduct complained of is capable of repetition yet likely to evade review, where the case involves issues important to the public interest or where a party will suffer some detriment without the court's decision." ***Public Defender's Office of Venango County v. Venango County Court of Common Pleas***, 893 A.2d 1275, 1279-1280 (Pa. 2006).

Because this appeal was rendered moot by M.B.'s turning 21 years of age, we have no reason to consider any other issues she raised.[1] ***Rivera v. Pennsylvania Dept. of Corrections***, 837 A.2d 525, 527-528 (Pa.Super. 2003), ***appeal denied***, 857 A.2d 680 (Pa. 2004) ("It is impermissible for courts to render purely advisory opinions. In other words, judgments or decrees to which no effect can be given will not, in most cases, be entered by this Court." (citations and quotations marks omitted)). Accordingly, the appeal is dismissed.

---

[1] Even if this court decided this matter on the day of argument in M.B.'s favor, M.B. could no longer benefit after turning 21 years of age a week later.

Based on our decision herein, the stay of the juvenile court's June 17, 2014 order that was granted on October 15, 2014, is hereby lifted. Appeal dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2015