J-A29003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BR HOLDING FUND LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAHEIDA MCKENDRICK AND | : | |
| SHACONDA MCKENDRICK | : | |
| | : | |
| | : | No. 385 EDA 2018 |
| Appellants | : | |

Appeal from the Judgment Entered February 23, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  01159 May Term, 2015

BEFORE:   OTT, J., DUBOW, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY OTT, J.:                    **FILED DECEMBER 31, 2018**

Shaheida McKendrick and Shaconda McKendrick (collectively, McKendricks) appeal the judgment entered February 23, 2018, in the Court of Common Pleas of Philadelphia County, entered in favor of BR Holding Fund LLC (BR Holding), following a nonjury trial and the denial of post-trial motions in this mortgage foreclosure action.  We grant the motion of BR Holding to dismiss the appeal as moot.

In 2007, Shaheida McKendrick obtained a $765,000 loan from Alternative Business Credit LLC.  She executed a loan and promissory note for the full sum of the loan balance, as well as a mortgage on her property at 113 South Street, Philadelphia.  Later in 2007, Alternative Business Credit transferred its interest in the loan documents to The Patriot Group, which in turn transferred its interest to Fairway Fund III, LLC, in 2008. Meanwhile,

_____
* Former Justice specially assigned to the Superior Court.

Shaheida McKendrick transferred a 50% ownership interest of the property to her sister, Shaconda McKendrick. McKendricks defaulted and Fairway filed a mortgage foreclosure action in 2009. That mortgage foreclosure action ended in a judgment of *non pros*. Fairway thereafter assigned its interest to BR Holding in 2014.

BR Holding filed the underlying mortgage foreclosure action in 2015 after McKendricks defaulted. Following the denial of cross motions for summary judgment and McKendricks' motion *in limine*, a non-jury trial was held on June 26, 2017. On August 21, 2017, the trial court entered a judgment in mortgage foreclosure in favor of BR Holding, and against McKendricks, foreclosing all rights, title and interest in the real property at 113 South Street, Philadelphia. Damages were assessed at $1,866,100.85, plus interest, and BR Holding was permitted to undertake any action necessary to enforce the judgment in mortgage foreclosure, including but not limited to selling the property at sheriff's sale. **See** Judgment in Mortgage Foreclosure, 8/21/2017. Post-trial motions were denied by operation of law and McKendricks filed this timely appeal.[1]

_____

[1] Specifically, McKendricks claim (1) the trial court erred in failing to apply Pa.R.C.P. 3051 ("Relief from Judgment of Non Pros") as a prerequisite to BR Holding's filing a mortgage foreclosure action after the mortgage was the subject of a *non pros* in the same court, (2) the verdict was against the weight of the evidence in that there was no testimony that the Appellee as claimed holder of the rights of its assignor was not subject to the order of *non pros* and Rule 3051, and (3) the trial court erred by denying the motion *in limine* based on an earlier denial of a summary judgment motion.

BR Holding has filed a motion to dismiss this appeal, claiming that the appeal is moot because the McKendricks did not file a supersedeas bond, and the property was sold at a sheriff's sale on November 9, 2018. Exhibit A attached to BR Holdings' application to dismiss shows that title to the property was conveyed to BR Holding for $71,700.00, and that title was recorded on November 19, 2018 with the Philadelphia County Recorder of Deeds.

"The sole purpose of a judgment obtained through mortgage foreclosure is to effectuate a judicial sale of the mortgaged real estate[.]" ***Insilco Corp. v. Rayburn***, 543 A.2d 120, 123 (Pa. Super. 1988). Pa.R.A.P. 1733 sets forth requirements for supersedeas in mortgage foreclosure actions.

Based on our review, we agree with BR Holdings' position that McKendricks' failure to post any security, pursuant to Pa.R.A.P. 1733, renders this appeal moot as McKendricks no longer have any interest in the subject property. ***See Deutsche Bank v. Butler***, 868 A.2d 574, 576 (Pa. Super. 2005) ("Generally, an actual claim or controversy must be present at all stages of the judicial process for the case to be actionable or reviewable.... If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot."). Accordingly, we grant the motion of BR Holding to dismiss the appeal as moot.

Motion to dismiss the appeal as moot granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/31/18