J. S70002/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CITIBANK, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KAREN S. TOOLE, | : | No. 1292 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Order, April 2, 2018,
in the Court of Common Pleas of Northampton County
Civil Division at No. C-48-CV-2017-06199

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 17, 2019**

Karen S. Toole appeals ***pro se*** from the April 2, 2018 order entered by the Court of Common Pleas of Northampton County that denied and dismissed her motion to set aside sheriff's sale for failure to prosecute the motion.  After careful review, we dismiss appellant's appeal.

The record reflects that on January 31, 2002, appellant made, executed, and delivered a mortgage for real property located at 1729 Washington Avenue, Northampton, Pennsylvania 18067-1513 ("Property") to Cardinal Financial Company, Ltd. Partnership.  The mortgage was assigned to Citibank, N.A. ("appellee") as indicated by an assignment of mortgage recorded on March 6, 2017 in the Office of the Recorder of Deeds of Northampton County.

On July 11, 2017, appellee commenced an action in mortgage foreclosure and alleged that the mortgage was in default because appellant failed to render a monthly payment due on September 1, 2016, and had failed to render any monthly payments due thereafter. On October 20, 2017, appellee served notice of its intent to seek default judgment if a response to the complaint was not filed in ten days. On November 7, 2017, after appellant failed to file a written response to the complaint, an **in rem** judgment was entered in appellee's favor and against appellant in the amount of $78,272.49, and appellee praeciped for a writ of execution. The Property was sold at the sheriff's sale for $48,000 to Petra Holdings, LLC ("Petra") on February 9, 2018.

On February 14, 2018, appellant moved to set aside the sheriff's sale. In the motion, appellant alleged that the entire judgment should be struck, because there never really was a mortgage, thereby rendering the foreclosure unlawful and void; that the foreclosure lawsuit should have been barred by public policy; and that under the United States Constitution, all money judgments were effectively abolished in 1932 when the United States "generally started using unqualified bank currency instead of redeemable gold and silver instruments." (Motion to set aside sheriff's sale, 2/14/18 at 16.) Appellant failed to appear for a hearing on March 23, 2018; therefore, the trial court denied and dismissed appellant's motion to set aside on the grounds that she failed to pursue the motion.

On April 10, 2018, the sheriff of Northampton County acknowledged the sheriff's deed. The sheriff filed the deed poll on April 11, 2018. On April 23, 2018, the sheriff's deed that conveyed the Property to Petra was recorded in the Office of the Recorder of Deeds of Northampton County.

Appellant filed a timely notice of appeal on April 26, 2018.[1] The following day, the trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On April 30, 2018, appellant complied with the order. The trial court filed a statement pursuant to Pa.R.A.P. 1925(a) on May 7, 2018.

On June 4, 2018, this court, in a **per curiam** order, directed appellant to show cause why the appeal should not be dismissed as moot because "the mortgagee may already [have] executed on the judgment and the property may be now owned by the mortgagee under a recorded Sheriff's deed." (Order, 6/4/18 at 1.)

In a response filed June 8, 2018, appellant asserted that the appeal was not moot. Specifically, appellant contended:

> [W]e are only talking about 'title' to the real property and not 'possession'. The Superior Court has a real and justiciable controversy to review here, which is the Appellant[']s Motion or Petition that was before the trial court, seeking to vacate the void foreclosure judgment and to set-aside [sic] the unlawful and incompliant Sheriff Sale, and also seeking 'equitable relief', and relief that was due as a matter of

---

[1] While the order denying and dismissing appellant's motion to set aside sheriff's sale is dated March 23, 2018, the order was not entered on the docket until April 2, 2018. We have changed the caption accordingly.

> constitutional law, which naturally includes **ordinary sale price redemption**.

"Appellant Karen S. Toole 'Showing Cause' Why the Appeal 'Should Not Be Dismissed as Moot,'" 6/8/18 at 2 (emphasis in original).

By **per curiam** order dated June 18, 2018, this court discharged the rule and permitted the appeal to proceed. In the order, we cautioned the parties that the issue of mootness may be revisited by the merits panel and that the parties should be prepared to address in their briefs any concerns the panel may have concerning the issue. (Order, 6/18/18 at 1.)

Preliminarily, we must first address the issue of mootness as raised by appellee. Appellee contends that this appeal is moot and therefore should be quashed. (**See** appellee's brief at 9-10.) Specifically, appellee argues that the appeal before us is moot because appellant has been "divested of all interest in the Property upon the acknowledgment and recording of the Sheriff's Deed[,]" by Petra Holdings, LLC. (**Id.** at 10.) Appellee further notes that appellant failed to obtain a supersedeas or stay pending appeal following the trial court's denial of appellant's motion to set aside the sheriff's sale. In her reply brief, appellant avers that the sheriff's deed "does not make anything moot, because the Superior Court is still capable of effectuating a judicial decision." (Appellant's reply brief at 1 (quotation marks omitted).)

> "Generally, an actual claim or controversy must be present at all stages of the judicial process for the case to be actionable or reviewable. . . . If events

> occur to eliminate the claim or controversy at any stage in the process, the case becomes moot." *J.S. v. Whetzel*, 860 A.2d 1112, 1118 (Pa.Super. 2004) (quotation marks and citation omitted). "An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law." *In re Cain*, [] 590 A.2d 291, 292 ([Pa.] 1991). "An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *Rivera v. Pennsylvania Dept. of Corrections*, 837 A.2d 525, 527 (Pa.Super. 2003).

*Deutsche Bank Nat. Co. v. Butler*, 868 A.2d 574, 577 (Pa.Super. 2005).

In *Deutsche Bank*, the appellant, Philip Stout, purchased a parcel of real property at a sheriff's sale. *Id.* at 576. Due to a bidding mistake on the part of its counsel during the sheriff's sale, Deutsche Bank filed a petition to set aside the sheriff's sale, which was granted by the trial court. *Id.* Additionally, the trial court rescheduled the sheriff's sale. *Id.* Mr. Stout filed a notice of appeal from the trial court's order; however, he failed to obtain a supersedeas of the order at issue, and the property in question was sold at the subsequent sale. *Id.* at 577. This court found that there was nothing of record indicating that Deutsche Bank owned the property in question, and ultimately dismissed Mr. Stout's appeal on mootness grounds because an order declaring the first sheriff's sale valid would have no effect because the property at issue was sold during the subsequent sheriff's sale. *Id.*

The *Deutsche Bank* court also noted that Mr. Stout "did not exhaust his remedies in preventing this issue from becoming moot." *Id.* at 578.

Specifically, we found that while Mr. Stout did initiate supersedeas proceedings, he never posted the bond set by the trial court, nor did he file a motion contesting the amount of the bond. *Id.* at 577, 578.

Here, the controversy at issue was eliminated when appellant was divested of all interest in the Property. Indeed, appellant is no longer an aggrieved party because she no longer has any immediate, direct, pecuniary, or substantial interest in the Property. *See Insilco Corp. v. Rayburn*, 543 A.2d 120, 125-126 (Pa.Super. 1988). As noted by appellee, appellant was divested of all interest in the Property when the sheriff's deed was acknowledged and recorded. *See Wells Fargo Bank, N.A. v. Long*, 934 A.2d 76, 80 (Pa.Super. 2007). Similar to Mr. Stout in *Deutsche Bank*, appellant failed to obtain a supersedeas or stay pending appeal following the trial court's denial of appellant's motion to set aside the sheriff's sale.

Accordingly, we find that appellant does not have any interest in the Property and her appeal is moot.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/17/19