J-A15035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

ASHLEY L. BODEN : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PERCY R. HERNANDEZ :
:
Appellant : No. 890 WDA 2021

Appeal from the Order Dated June 2, 2021
In the Court of Common Pleas of Allegheny County
Family Court at No(s):  FD-17-000115-005

BEFORE:  BOWES, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED: JUNE 17, 2022**

Percy R. Hernandez ("Father") appeals *pro se* from the June 2, 2021 order that denied his exceptions and entered an interim child support order as a final order.  We dismiss the appeal.

In light of our disposition, we need not state the full factual background of this appeal.  Father and Ashley Boden ("Mother") were not married and shared physical custody of their two minor children ("Children") under an informal arrangement.  In March 2020, Mother filed a complaint for child support.

Father and Mother participated by telephone *pro se* at a child support hearing before a hearing officer.  On September 24, 2020, the trial court adopted the hearing officer's report and recommendations and issued an interim order directing Father to pay Mother $363.34 in child support and $40.00 in arrears per month ("the September 2020 order").  Father filed

exceptions. On June 2, 2021, the trial court dismissed Father's exceptions and adopted the September 2020 order as its final order. Father retained counsel and timely filed a notice of appeal.

Shortly after Father appealed, the trial court issued an order on July 9, 2021 that terminated the September 2020 order based on a "suspension agreement" and the parties' "wish to handle this matter outside of court." Order, docketed 7/12/21.[1] The court noted that the arrears totaled $3021.21, but Mother agreed to "set the balance to zero" and to close an "IV-D case." *Id*. Father and the trial court complied with Pa.R.A.P. 1925. This Court

_____

[1] This Court issued a rule to show cause why this appeal should not be dismissed or quashed as moot based on termination of the September 2020 order and the parties' agreement to handle the matter outside of court. *See* Rule to Show Cause, 8/23/21 (citing *Deutsche Bank Nat'l Co. v. Butler*, 868 A.2d 574, 577 (Pa. Super. 2005) (stating that an issue is moot if when ruling on the issue a court cannot enter an order that has any legal force or effect)). Father, through counsel, responded that the issue was not moot because Father had made payments under the September 2020 order. Response to Rule to Show Cause, 9/2/21, at ¶¶ 4-6 (averring that Father was due the return of money he paid under the September 2020 interim order). This Court discharged the rule to show cause but advised the parties that this Court might revisit the issue. *See* Order, 9/10/21.

We decline to find Father's appeal moot. The terms of the suspension agreement are not contained in the record and there is no indication that the agreement, or any subsequent agreement between the parties, addressed Father's payments under the September 2020 order. Further, there is no indication that Father waived his right to challenge the September 2020 order. Therefore, we cannot conclusively say on this record that there is no actual controversy as to whether the trial court erred in requiring Father to pay child support from September 24, 2020 until July 9, 2021, when the order was terminated by agreement.

subsequently permitted Father's counsel leave to withdraw,[2] and Father filed a *pro se* brief in this Court.

Before addressing Father's issues on the merits, we must consider whether the defects in his brief require dismissal of the appeal. Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may dismiss an appeal if the defects in the brief are substantial. *See Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017); *Karn v. Quick & Reilly Inc.*, 912 A.2d 329, 335 (Pa. Super. 2006). "Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." *Tchirkow*, 160 A.3d at 804 (citation omitted); *accord Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa. Super. 1996). It is an appellant's duty to present arguments that are sufficiently developed for our review. An appellate brief must support its claims with pertinent discussion, references to the record, and citations to legal authorities. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007); *accord Jones v. Jones*, 878 A.2d 86, 91 (Pa. Super. 2005). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014)

---

[2] Father's counsel filed his petition to withdraw from representation due to a breakdown of the attorney-client relationship and Father's request to proceed *pro se*. This Court granted counsel's petition to withdraw in February 2022.

(citation omitted). If a deficient brief hinders this Court's ability to address any issue on review, the issue will be regarded as waived. *See id*. at 1088-89.

Father's brief fails to comply with multiple rules of appellate procedure. It does not contain: a statement of jurisdiction (*see* Pa.R.A.P. 2114), a statement of both the scope of review and the standard of review (*see* Pa.R.A.P. 2111(a)(3)), a statement of the questions involved (*see* Pa.R.A.P. 2111(4)), or a summary of argument (*see* Pa.R.A.P. 2118). Of even greater importance, Father's brief contains no citations to the record. *See* Pa.R.A.P. 2119(c) (providing that where the argument references evidence or other matter, it must set forth a reference to the place in the record where that matter may be found); Pa.R.A.P. 2119(d) (providing that where a finding of fact is argued, the argument must contain a synopsis of all evidence on the point, with a reference to the place in the record where the evidence may be found). This Court will not act as an appellant's counsel by scouring through the record to find evidence and develop an argument. *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018).

Given these deficiencies, this Court is unable to meaningfully review the issues Father purports to raise. Accordingly, Father's failure to conform with our appellate rules compels the dismissal of the appeal. *See* Pa.R.A.P. 2101

(providing that "if the defects . . . in the brief . . . are substantial, the appeal . . . may be . . . dismissed").[3]

Appeal dismissed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/17/2022

---

[3] To the extent we can discern an argument that the trial court misapplied the support guidelines by requiring Father to pay support because Mother's income was greater than his and he had equal or primary physical custody of Children, we note that Father did not specifically preserve this issue in his exceptions to the September 2020 order. *See* Pa.R.Civ.P. 1910.12(f) (stating, in part, that "[e]ach exception shall set forth a separate objection precisely . . .. Matters not covered by exceptions are deemed waived").