J-S27028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| US BANK NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE NEW RESIDENTIAL MORTGAGE LOAN TRUST 2020-NPL2 | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| | : | No. 2973 EDA 2023 |
| | : | |
| ALFONSO SHEPPARD AND CRYSTAL SHEPPARD | : : : | |
| | : | |
| Appellants | : | |

Appeal from the Order Entered November 15, 2023
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2021-003920

BEFORE: LAZARUS, P.J., NICHOLS, J., and COLINS, J.[*]

JUDGMENT ORDER BY NICHOLS, J.: **FILED NOVEMBER 18, 2024**

Appellants Alfonso Sheppard and Crystal Sheppard appeal from the order granting the motion for summary judgment filed by Appellee U.S. Bank National Association, not in its individual capacity but solely as Trustee of the New Residential Mortgage Loan Trust 2020-NPL2. We dismiss this appeal as moot.

The facts of this matter are well known to the parties. *See* Trial Ct. Op., 1/11/24, at 2-3. Briefly, in 2004, Appellants executed a promissory note secured by a mortgage on real property located at 637 Maple Ave., Aldan, Pennsylvania 19018 (the Property). Appellee initiated this foreclosure action

_____

[*] Retired Senior Judge assigned to the Superior Court.

in April of 2021. The trial court granted Appellee's motion for summary judgment on November 15, 2023.

Appellants filed a timely notice of appeal. Appellants subsequently filed applications for *supersedeas* and emergency relief with this Court, which were denied. Appellee purchased the Property at sheriff's sale on July 19, 2024. *See* Trial Ct. Suppl. Op., 10/21/24, at 2. Appellee recorded the sheriff's deed in the Delaware County Recorder of Deeds at Deed Book 6997, page 739 on September 3, 2024. *See id.*; *see also* Deed No. 2024030172.[1]

On appeal, Appellants raise the following issues:

1. Did the trial court err by granting Appellee's . . . motion for summary judgment where genuine issues of material fact remained?

2. Did the trial court err when granting Appellee's. . . motion for summary judgment by failing to grant [] Appellants . . . the required latitude [due] to *pro se* litigants?

3. Did the trial court err by granting [] Appellee's . . . motion for summary judgment based on irrelevant and nullified law?

Appellants' Brief at 5 (some formatting altered).

Before we address Appellants' issues, we must first determine if this matter is moot. *See M.B.S. v. W.E.*, 232 A.3d 922, 927 (Pa. Super. 2020) (explaining that this court "may address mootness *sua sponte*, as we generally cannot decide moot or abstract questions" (citations omitted and formatting altered)).

---

[1] Pursuant to this Court's order of September 25, 2024, the trial court filed a supplemental opinion and supplemental record regarding the sheriff's sale.

This Court has explained:

Generally, an actual claim or controversy must be present at all stages of the judicial process for the case to be actionable or reviewable. . . . If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

***Deutsche Bank Nat'l Co. v. Butler***, 868 A.2d 574, 577 (Pa. Super. 2005) (citations omitted and formatting altered).

Where a property that was the subject of a foreclosure action has been sold at sheriff's sale, any appeal from the judgment in foreclosure becomes moot. ***See, e.g.***, ***id.*** at 577-78; ***Santander Bank, N.A. v. IHOC, LLC***, 174 EDA 2019, 2019 WL 4862179, at *2 (Pa. Super. filed Oct. 2, 2019) (unpublished mem.) (explaining that "the intervening sheriff's sale . . . divested [the defendant] of any interest in the property" and dismissing the appeal as moot (citations omitted and some formatting altered)).[2]

As stated above, the Property was sold at sheriff's sale on July 19, 2024, and Appellee recorded the sheriff's deed for the Property on September 3, 2024. ***See*** Trial Ct. Suppl. Op., 10/21/24, at 2. That sale divested Appellants of their interest in the Property. ***See Deutsche Bank***, 868 A.2d at 577-78;

_____

[2] ***See*** Pa.R.A.P. 126(b) (providing that unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

***Santander Bank***, 2019 WL 4862179, at *2.  Therefore, we are constrained to dismiss this appeal as moot.

Appeal dismissed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/18/2024