J-A28032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS LEGAL TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| NADIN BAZIRGANIAN, AND TENANT/OCCUPANT | : : : : : | No. 1022 EDA 2024 |
| APPEAL OF: NADIN BAZIRGANIAN AND RICHARD BAZIRGANIAN | : : | |

Appeal from the Order Entered March 5, 2024
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2022-000746

BEFORE:  PANELLA, P.J.E., STABILE, J., and NICHOLS, J.

JUDGMENT ORDER BY NICHOLS, J.:          **FILED DECEMBER 30, 2024**

Appellants Nadin Bazirganian and Richard Bazirganian appeal *pro se* from the order granting the motion for summary judgment filed by Appellee U.S. Bank, National Association, as legal trustee for Truman 2016 SC6 Title Trust.  Also before this Court is Appellee's application to dismiss the appeal. For the following reasons, we dismiss the appeal as moot.

The facts of this matter are well known to the parties.  *See* Trial Ct. Op., 5/2/24, at 1-4.  Briefly, in a prior action, Wells Fargo Bank, N.A. obtained a judgment in mortgage foreclosure against Appellants with respect to real property located at 22 North Edmonds Avenue, Havertown, Pennsylvania

19083 (the Property). Appellee subsequently purchased the Property at sheriff's sale on June 18, 2021, and recorded the deed on November 24, 2021.

Appellants did not vacate the Property, and Appellee initiated this ejectment action in February of 2022. The trial court granted Appellee's motion for summary judgment on March 5, 2024. Appellants filed a timely notice of appeal.

The Delaware County Office of Judicial Support subsequently issued a writ of possession. On September 18, 2024, the Sheriff of Delaware County executed the writ, evicted Appellants, and delivered possession of the Property to Appellee. **See** Trial Ct. Suppl. Op., 12/3/24, at 1-2.

On appeal, Appellants raise the following issue:

> The [trial] court on . . . March 5th, 2024, . . . granted [Appellee's] motion for summary judgment on the assumption that the motion was properly mailed and delivered. The [trial court's] Order granting [Appellee's] third Motion for Summary Judgment states ". . . and, receiving no opposition thereto."
>
> The court did not take into consideration that the said Motion was in fact not properly mailed nor delivered to [] Appellant.

Appellants' Brief at 5-6 (some formatting altered).

We must first address Appellee's application to dismiss this matter as moot. **See M.B.S. v. W.E.**, 232 A.3d 922, 927 (Pa. Super. 2020) (explaining that this Court "cannot decide moot or abstract questions" (citations omitted and formatting altered)).

This Court has explained:

> Generally, an actual claim or controversy must be present at all stages of the judicial process for the case to be actionable or reviewable. . . .   If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law.  An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

*Deutsche Bank Nat'l Co. v. Butler*, 868 A.2d 574, 577 (Pa. Super. 2005) (citations omitted and formatting altered).

Where the occupants of a property that was the subject of an ejectment action have vacated the premises, any appeal from the judgment in ejectment becomes moot.  *See, e.g.*, *Wolf v. Long*, 468 A.2d 508, 509 (Pa. Super. 1983) (*per curiam*) (stating that the appeal was moot because "the question of possession to have been resolved and that a review of the propriety of the proceedings before the [trial court] would be purely an academic exercise"); *Oguejiofor v. Sgagias*, 82 MDA 2022, 2022 WL 4589773, at *2 n.5 (Pa. Super. filed Sept. 30, 2022) (unpublished mem.) (noting that "[a]ny challenge to ejectment" would be moot where the plaintiff had purchased the property at a tax sale, the plaintiff was in possession of the property, and the defendants had "no right, title, or interest in the property").[1]

---

[1] *See* Pa.R.A.P. 126(b) (providing that unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

As stated, the sheriff executed the writ, evicted Appellants, and delivered possession of the Property to Appellee on September 18, 2024.  **See Trial Ct. Suppl. Op.**, 12/21/24, at 1-2.  Appellants' eviction resolved the issue of possession of the Property.  **See Wolf**, 468 A.2d at 509; **accord Oguejiofor**, 2022 WL 4589773, at *2 n.5.  Therefore, we grant Appellee's application to dismiss this appeal as moot.  **See Deutsche Bank**, 868 A.2d at 577-78; **Wolf**, 468 A.2d at 509.

Appellee's application to dismiss appeal granted.  Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/30/2024