J-A29017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| K.G., BY AND THROUGH HIS PARENT AND LEGAL GUARDIAN SAVANNA GREEN | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| ELIZABETH A. LECHENE AND TRI-COUNTY TRANSPORTATION, INC. | : : : : : | No. 749 WDA 2024 |
| APPEAL OF: ELIZABETH A. LECHENE | : | |

Appeal from the Order Entered May 23, 2024
In the Court of Common Pleas of Cambria County Civil Division at No(s): 2023-4227

BEFORE:  OLSON, J., LANE, J., and BENDER, P.J.E.

JUDGMENT ORDER BY LANE, J.:          **FILED: April 29, 2025**

Elizabeth A. Lechene ("Lechene") appeals from the order denying her motion to stay civil proceedings pending the outcome of her criminal matter. For the following reasons, we dismiss the appeal as moot.[1]

The facts of this matter are well known to the parties. **See** Trial Court Opinion, 8/16/24, at 1-6.  Briefly, this appeal stems from an August 2022 motor vehicle accident that resulted in the instant civil lawsuit and five criminal charges filed against Lechene for, *inter alia*, driving under the influence

---

[1] We note that "[a]n order denying a motion to stay generally is considered interlocutory and not appealable unless it satisfies the collateral order doctrine." **Keesee v. Dougherty**, 230 A.3d 1128, 1131-32 (Pa. Super. 2020).  We need not address whether Lechene has established the elements of a collateral order, however, as we dismiss this appeal on other grounds.

("DUI") — general impairment.[2]  The parties agree that Lechene initially enrolled into the Cambria County accelerated rehabilitative disposition ("ARD") program for first time offenders, that would have allowed dismissal of the charges if she completed the program.

In April 2024, the criminal case was still ongoing.  At the same time, in this civil case, the pleadings had been closed, and the parties began discovery.  On April 16, 2024, Lechene filed a motion to stay the civil proceedings, arguing: (1) she would be forced to participate in discovery in the civil case in violation of her Fifth Amendment right against self-incrimination because of the pending criminal case against her; and (2) a stay would protect her rights and promote full and complete discovery.  The trial court denied the motion.  Lechene thereafter filed a notice of appeal, and both she and the trial court complied with Pa.R.A.P. 1925.

Lechene raises the following issue for our review: "Did the trial court abuse its discretion in denying [Lechene's] motion to stay civil proceedings, thereby stripping her of her rights against self-incrimination under the United States Constitution and Pennsylvania Constitution and prejudicing her ability to defend herself in the civil proceedings?"  Lechene's Brief at 7 (unnecessary capitalization omitted).

Lechene argues that the trial court improperly denied her motion to stay the civil proceedings.  At this juncture, we note that this panel directed the

---

[2] **See** 75 Pa.C.S.A. § 3802(a)(1).

trial court to provide a written statement confirming the status of Lechene's criminal case at docket number CP-11-CR-0000832-2023, as well as any admission into the Cambria County ARD program. The trial court confirmed that on January 24, 2025, Lechene pleaded *nolo contendere* to DUI — general impairment and did **not** enter the Cambria County ARD program. In addition, the Commonwealth withdrew the remaining four charges. Lechene received a sentence of six months' probation.

This Court has explained:

> Generally, an actual claim or controversy must be present at all stages of the judicial process for the case to be actionable or reviewable . . .. If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

***Deutsche Bank Nat'l Co. v. Butler***, 868 A.2d 574, 577 (Pa. Super. 2005) (citations and quotation marks omitted).

Here, Lechene entered a *nolo contendere* plea, received a sentence, and thus has resolved her criminal case. Accordingly, this Court cannot enter an order that has any legal force or effect regarding her issue raised on appeal. ***See id***. Therefore, we dismiss Lechene's appeal as moot.

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

4/29/2025