J-A09015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID CARR, CRAIG CARR, AND THE | : | |
| UNITED STATES OF AMERICA | : | |
| | : | No. 686 WDA 2024 |
| | : | |
| APPEAL OF:  DAVID CARR | : | |

Appeal from the Order Entered May 3, 2024
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  MG 15-000125

BEFORE:  KUNSELMAN, J., NICHOLS, J., and LANE, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: JULY 16, 2025**

David Carr appeals from the order denying his petition to set aside the

sheriff's sale of certain property located in Pittsburgh, Pennsylvania.  He claims

that he did not receive adequate notice of the sale.  Upon review, we affirm.

The trial court set forth the facts as follows:

In November of 2005 Harry Carr signed a mortgage for $100,000
to National City Bank encumbering real property in Blawnox
Borough known as 209 Summit Drive, Pittsburgh, PA 15238 [("the
property")].  PNC Bank, National Association, as successor by
merger to National City Bank, commenced this proceeding in
January of 2015 by filing a complaint in mortgage foreclosure.
David Carr, Craig Carr and the United States of America are the
defendants.[1]  The complaint avers default for failure to make

---

[1] The complaint avers that David Carr and Craig Carr "are the record and real
owners" of 209 Summit Drive, but there is no explanation of whether Harry
Carr deeded them the property or how they acquired title.  The complaint
*(Footnote Continued Next Page)*

> payment when due, with a principal balance owed of $99,629 and a total owed of $106,809. After service of the complaint on David Carr, the proceeding was delayed for approximately two years for multiple conciliation conferences after he was admitted into the Residential Mortgage Foreclosure Diversion Program. A default judgment was entered against David Carr in March of 2017, and after a motion for alternative service on Craig Carr, a default judgment was entered against him in August of 2017.
>
> Writs of execution were issued and reissued in October of 2017, January of 2019 and May of 2023 for $202,142.

Trial Court Opinion,7/30/34, at 1-2.

Following the issuance of the 2023 writ of execution, a sheriff's sale of the property was scheduled for August 8, 2023. Full notice of the sale was given at that time. However, the sale was continued to September 5, 2023, to address an advertising issue. The sale was continued again to October 2, 2023, and then December 4, 2023, due to Carr filing for bankruptcy. A few days before the December sale, Carr filed a motion to continue the sale for 90 days. The trial court granted the continuance and notably provided that "no further postponement shall be granted unless [PNC] consents. No further costs or advertising." However, the court inadvertently wrote "March 4, 2023" rather than "March 4, 2024." And, although the trial court later corrected this order before it was filed, the sheriff's copy showed the 2023 date; the sheriff declined to sell the property on March 4, 2024. The sheriff publicly announced at that time that the sale would be postponed until April 1, 2024.

---

avers that the United States of America is a "terre tenant" by virtue of federal tax liens filed against David Carr.

As a result, on March 7, 2024, PNC sought a continuance of the sale to April 1, 2024, and requested that the court enter a special order and direct that no further notice or advertisement was required. The court granted PNC's request.

On March 25, 2024, PNC presented another motion for a written order continuing to continue the sale of the previously scheduled sale from October 2, 2023, to December 4, 2023, without further notice. The sheriff indicated that it needed a written order postponing the October 2, 2023, sale to December 4, 2023, which ostensibly had not been obtained after Carr filed bankruptcy. The court granted PNC's motion.

Ultimately, the property was sold at sheriff's sale on April 1, 2024. On April 23, 2024, Carr filed a petition to set aside the sale claiming that PNC did not give him timely notice of the April 1, 2024, sheriff's sale. The trial court denied Carr's petition on May 5, 2024.

On June 3, 2024, Carr filed this timely appeal.[2] He and the trial court complied with Appellate Rule 1925.

_____

[2] We observe that the sheriff's deed transferring the property to PNC Bank was signed on May 10, 2024, (just a few days after Carr's petition was denied) recorded on May 17, 2024, and filed on May 30, 2024. Because an appeal from the denial of a petition to set aside a sheriff's sale is moot upon the sheriff's sale and delivery of deed and because the May 10, 2024, docket entry reflected "acknowledgement" of the deed to PNC Bank, this Court issued a rule to show cause to Carr to show cause why his appeal should not be dismissed. **_Deutsche Bank Nat. Co. v. Butler_**, 868 A.2d 574 (Pa. Super. 2005) (holding that appeal from denial of petition to set aside sheriff's sale was moot upon subsequent sheriff's sale and delivery of deed). Carr
*(Footnote Continued Next Page)*

Carr raises the following single issue for our review:

1. Whether the [trial] court should have set aside the sheriff's sale because the homeowner was never given timely notice of the new sale date in violation of Pa.R.C.P. 3129.3.

Carr's Brief at 6.[3]

Carr seeks to set aside the sheriff's sale of the property on the basis that PNC did not give him adequate notice of the continued sale held on April 1, 2024. Specifically, Carr claims that PNC did not serve the March 7 and March 25, 2024, motions seeking a continuance of the March 4, 2024, sale to April 1, 2024, on either him or his attorney. He further claims that PNC did not send him or his attorney copies of the orders continuing the sale to April 1, 2024. Carr's Brief at 7-8. Therefore, according to Carr, because he did not

---

responded, in pertinent part, that the record showed only that the deed was recorded but did not show delivery of the deed to PNC Bank; therefore, his appeal was not moot. We agree. Because the docket does not include a "Sheriff Service Process Receipt" or "Affidavit of Return," as there was in **Deutsche** and as required under Civil Rule 3139, both of which show that the sheriff delivered the deed to PNC, we conclude that Carr's appeal is not moot and will address his issues.

[3] Carr raised other issues in his Appellate Rule 1925(b) statement but only raised this issue in his appellate brief statement of questions involved. Further, he did not make any argument regarding these issues in the argument portion of his brief. An appellant's "statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail." Pa.R.A.P. 2116(a). "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." **Id.** Moreover, the argument of an appellant's brief shall analyze each issue and provide us with "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Because no other issues were raised or argued, all other issues are waived.

receive proper notice, the trial court abused its discretion when it denied his petition and the sale must be set aside. We disagree.

"A petition to set aside a sheriff's sale is grounded in equitable principles[.]" ***GMAC Mortg. Corp. of Pa. v. Buchanan***, 929 A.2d 1164, 1167 (Pa. Super. 2007). The burden of establishing grounds for relief rests with the petitioner. ***Id.***

The decision to set aside a sheriff's sale is within the sound discretion of the trial court, and we shall not reverse its decision on appeal absent a clear abuse of discretion. ***Merrill Lynch Mortg. Capital v. Steele***, 859 A.2d 788, 791 (Pa. Super. 2004). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or [the judgment is] the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused." ***National Penn Bank v. Shaffer***, 672 A.2d 326, 328 (Pa. Super. 1996) (citation omitted).

Rules 3129.1 and 3129.2 of the Pennsylvania Rules of Civil Procedure govern notice with respect to sheriff's sales of real property. Generally, notice of the sale must be mailed to lienholders and other parties with an interest in the property. Additionally, the property must be posted with the notice, and notice must be advertised not less than 30 days prior to the sale.

A sale may be stayed, continued, postponed or adjourned in accordance with the provisions of Rule 3129.3. That statute provides, in relevant part, as follows:

(a) ***Except as provided by subdivision (b) or special order of court***, ***new notice shall be given*** as provided by Rule 3129.2 if a sale of real property is stayed, continued, postponed or adjourned.

(b)(1) If the sale is stayed, continued, postponed or adjourned to ***a date certain within one hundred thirty days of the scheduled sale***, notice of which sale was given as provided by Rule 3129.2, and public announcement thereof, including the new date, is made to the bidders assembled at the time and place fixed for the sale, no new notice as provided by Rule 3129.2 shall be required, but there may be only two such stays, continuances, postponements or adjournments within the one hundred thirty day period without new notice.

(2)(i) When the sale is stayed, continued, postponed or adjourned as provided by subdivision (b)(1), the plaintiff shall file

(A) a notice of the date of continued sheriff's sale with the prothonotary at least fifteen days before the continued sale date, and

(B) a certificate of filing with the sheriff confirming the filing of the notice of the date of continued sheriff's sale with the prothonotary.

The sheriff shall continue the sale to the next available sale date if the notice of the date of continued sheriff's sale has not been timely filed. This continuance imposes a new obligation on the plaintiff to meet the requirements described in (b)(2)(i)(A) and (B).

(ii) Non-compliance with this subdivision is not a basis for setting aside the sheriff's sale unless raised prior to the delivery of the sheriff's deed. The sale shall be set aside only upon a showing of prejudice.

Pa.R.C.P. 3129.3 (emphasis added). Essentially, Rule 3129.3 provides that, if a pending sale of real property is "stayed, continued, postponed or adjourned" for any reason, then typically "new notice" is required unless one of two exceptions to this general requirement is met: 1) a special order issued by the court, or 2) compliance with Rule 3129.3(b).

- 6 -

Additionally, Rule 440 of the Rules of Civil Procedure sets forth the appropriate means of serving papers. In pertinent part, it provides:

> (a) (1) Copies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action.
>
> (i) Service shall be made ... by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or prior pleading of the party, or at such other address as a party may agree[.]

Pa.R.C.P. 440(a)(1)(i) (emphasis added).

Here, PNC obtained a special order on March 7, 2024, to postpone the sheriff's sale of the property until April 1, 2024, due to the incorrect year of the sale. PNC then obtained another special order on March 25, 2024, to validate the continuance of the October 2023 sale to December 2023. Carr does not dispute that these were special orders in accordance with Rule 3129.3. Instead, Carr claims that notice of these motions, and resulting orders, were not served upon him or his attorney. We disagree.

As the trial court aptly observed, the face sheet of both of PNC's motions for a continuance indicated Carr consented to presentation of the motions. Trial Court Opinion, 7/30/24, at 4. The face sheets also indicated that these motions were served.

Regarding the March 7, 2024, the court further observed that:

> one would expect it to be consented to or not opposed. The only reason for the continuance was [that] the Sheriff received the initial version of [the court's] December 1, 2023 order in which the sale was postponed until March 4, 2023, which was corrected to March 4, 2024 before my order was filed on December 6, 2023.

*Id.* at 4-5. Notably, Carr was the one who continued the sale to the March date but did not ensure that the order was accurate, causing the delay. Rather, PNC had to present a motion to address the incorrect date.

Similarly, the March 25, 2024, motion did not change the sale date of the sale but authorized the continuance of the sale, based on Carr's bankruptcy filing. As such, it was also logical that Carr consented to this motion.

Furthermore, a review of the docket shows that the prothonotary sent copies of these orders to the parties of record as required by Rule 236, which would have included Carr's attorney of record.

Consequently, Carr's claim that he did not receive adequate notice of the sheriff's sale is without merit.[4] Therefore, we conclude that the trial court did not abuse its discretion when it denied Carr's petition to set aside the sheriff's sale of the property.

Order affirmed.

---

[4] We observe that this matter has been pending since 2017. According to PNC, this is due in part to Carr abusing the bankruptcy system to delay the sale. PNC's Brief at 6. By challenging these continuances without basis and claiming he never got notice of the April sale date, Carr continues to abuse the process to delay the sale.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/16/2025